1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   PETROLEUM SALES, INC.,                      No. C 05-3526 SBA (MEJ)

10                  Plaintiff(s),

11      vs.                                      **ORDER RE: PROTECTIVE ORDER
                                                 AND PENDING DISCOVERY
12   VALERO REFINING COMPANY -                   DISPUTES**
     CALIFORNIA, et al.
13
                    Defendant(s).
14   ─────────────────────────────────────  /

15

16          The Court is in receipt of the parties' joint discovery dispute letters, filed April 27, 2006.

17   Docs. #36-39.  The first issue the Court shall address is defendants' request for a protective order.

18   Defendants argue that a protective order is necessary in this action because certain documents

19   contain confidentiality provisions, as well as confidential information concerning its strategies and

20   business decisions.  Defendants seek entry of a protective order virtually identical to the protective

21   order in another pending case brought by PSI in Superior Court (*Ishaq Trading Corp., et al. v.

22   Valero Refining Company - California*, San Francisco Superior Court, No. CGC-04-428755).

23          In response, PSI argues that defendants have not shown that the documents are confidential,

24   nor that their disclosure would cause cognizable harm.  PSI further argues that it should not be

25   bound by terms of a protective order entered in another action because it did not stipulate to the

26   terms of that order.  Moreover, PSI opposes the form of the protective order because it would

27   preclude its counsel from disclosing certain documents or information to its president and owner.

28          Upon review of the parties' arguments, the Court finds a protective order appropriate in this

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  case.  Accordingly, within one week from the date of this Order, the parties shall e-file a stipulated

2  protective order that includes the "attorneys eyes only" provision.  The parties shall include the

3  requirements of Civil Local Rule 79-5 in their proposed protective order.  The Court also recognizes

4  PSI's counsel's desire to consult with PSI's president and owner and, although the protective order

5  need not include a provision allowing the owner access to the documents, PSI shall be permitted to

6  seek access for certain documents after production.  Thus, after production under the protective

7  order, if PSI's counsel deems it necessary to consult with the owner regarding any confidential

8  documents, the parties shall meet and confer to determine whether they can reach an agreement on

9  this issue.  If not, the parties shall file a joint letter addressing the specific documents for which PSI

10  would like to obtain access for its owner.

11        Within 30 days of the Court's entry of the protective order, the parties shall serve their

12  responses.  If either party requires more time to complete production and the opposing party is

13  unwilling to stipulate to allow more time, the parties shall file a joint letter.  As to the remaining

14  disputes, the Court finds it premature to address them as many disputes can be resolved after entry

15  of a protective order.  Accordingly, if any disputes remain after production under the protective

16  order, the parties shall bring those disputes to the Court's attention at that time.

17        **IT IS SO ORDERED.**

18

19  Dated:  May 3, 2006

20                                    MARIA-ELENA JAMES
                                      United States Magistrate Judge

21

22

23

24

25

26

27

28                                             2