1  PILLSBURY WINTHROP SHAW PITTMAN LLP
ROBERT C. PHELPS  SBN 106666
2  robert.phelps@pillsburylaw.com
RANAH L. ESMAILI  SBN 233477
3  ranah.esmaili@pillsburylaw.com
50 Fremont Street
4  Post Office Box 7880
San Francisco, CA  94120-7880
5  Telephone: (415) 983-1000
Facsimile: (415) 983-1200
6
Attorneys for Defendants
7  VALERO REFINING COMPANY - CALIFORNIA and
VALERO MARKETING AND SUPPLY COMPANY
8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              OAKLAND DIVISION

12  _____

13  PETROLEUM SALES, INC.,                    )        NO. C-05-3526 SBA
                                              )
14                          Plaintiff,        )
                                              )        STIPULATED PROTECTIVE ORDER
15      vs.                                   )
                                              )
16  VALERO REFINING COMPANY-                  )
    CALIFORNIA, VALERO MARKETING             )
17  AND SUPPLY COMPANY, and DOES 1           )
    through 20,                               )
18                                            )
                            Defendant.        )
19  _____)

20

21       Pursuant to Magistrate Judge James' order dated May 3, 2006, the parties stipulate

22  as follows:

23       1.       "Confidential Information" as used herein means confidential financial or

24  commercial information.  Use of Confidential Information (and/or Confidential Attorneys'

25  Eyes Only Information as hereinafter defined) shall be governed by this Stipulated

26  Protective Order.  All Confidential and Confidential Attorneys' Eyes Only Information

27  shall be used by the recipients thereof solely for purposes of this litigation, including any

28

700387079v3                                          STIPULATED PROTECTIVE ORDER
                                                     Case No. C-05-3526 SBA

1    proceedings related thereto, unless otherwise agreed to in advance by the parties or ordered

2    by the Court, but in no event shall any Confidential or Confidential Attorneys' Eyes Only

3    Information be used by recipients thereof for any business or competitive purpose

4    whatsoever or for any litigation-related purpose other than in connection with this litigation.

5    No person may use or disclose Confidential or Confidential Attorneys' Eyes Only

6    Information except as expressly set forth in this Stipulated Protective Order or as otherwise

7    ordered by the Court in this litigation.

8          2.      All information produced, given, or otherwise disclosed by any party or non-

9    party (the "Producing Party"), including, but not limited to, responses to document requests,

10   interrogatory answers, answers to requests for admissions, responses to subpoenas, and any

11   other information produced pursuant to the Federal Rules of Civil Procedure or other

12   applicable rules, that a Producing Party in good faith believes contains Confidential

13   Information shall be designated as such by the Producing Party at the time of copying by

14   means of a "CONFIDENTIAL" stamp or legend placed on each page containing such

15   information or under the procedure set forth at Paragraph 4.

16         3.      A Producing Party may designate any Confidential Information as

17   "Confidential Attorneys' Eyes Only Information" if in good faith that party believes that

18   the disclosure of such information to business personnel of another party, or third party,

19   could result in the misappropriation of such information for the other party's economic

20   value or could be utilized to obtain an unfair competitive advantage over the Producing

21   Party. Confidential Attorneys' Eyes Only Information shall be designated as such by the

22   Producing Party at the time of copying by means of a "CONFIDENTIAL ATTORNEYS'

23   EYES ONLY" stamp or legend placed on each page containing such information or under

24   the procedure set forth at Paragraph 4.

25         4.      Any Confidential or Confidential Attorneys' Eyes Only Information that is

26   produced by a Producing Party, even though not so designated by the Producing Party, may

27   be designated by any party as confidential under this Stipulated Protective Order by

28   notifying counsel for the other parties to this matter within fifteen (15) business days of

1   receipt by counsel of the information or material involved, that such information or material

2   is confidential and subject to the terms and conditions of this Stipulated Protective Order.

3   All information and materials produced by a Producing Party not otherwise designated as

4   Confidential or Confidential Attorneys' Eyes Only Information shall be treated as

5   Confidential Information and be subject to this Stipulated Protective Order until the

6   expiration of such fifteen (15) business day period.

7          5.        Deposition testimony that a party deponent or its counsel, in good faith,

8   believes contains Confidential or Confidential Attorneys' Eyes Only Information shall be

9   designated as confidential either:  (i) by the deponent or counsel making a statement for

10  inclusion in the deposition transcript; or, (ii) within fifteen (15) business days after receipt

11  of the transcript, by the deponent or counsel designating by page and line, the protected

12  information contained in the deposition transcript by means of a "CONFIDENTIAL" or

13  "CONFIDENTIAL ATTORNEYS' EYES ONLY" stamp or legend.  When Confidential or

14  Confidential Attorneys' Eyes Only Information is designated in a deposition transcript, the

15  party making the designation shall instruct the reporter to imprint the legend "THIS

16  TRANSCRIPT CONTAINS CONFIDENTIAL [ATTORNEYS' EYES ONLY]

17  INFORMATION" on the cover page of the transcript, and to include a page identifying all

18  pages and lines designated confidential in the transcript.  Prior to the expiration of such

19  fifteen (15) business day period, counsel for all parties shall retain and treat those portions

20  of the transcript (and any magnetic media thereof) not otherwise designated as Confidential

21  or Confidential Attorneys' Eyes Only Information as Confidential Attorneys' Eyes Only

22  Information and shall not transmit any copy thereof to any person, except in accordance

23  with the terms of this Stipulated Protective Order.  Any magnetic media (e.g., videotape or

24  computer disk) containing portions of a deposition transcript that have been designated

25  confidential shall be labeled "CONTAINS CONFIDENTIAL [ATTORNEYS' EYES

26  ONLY] INFORMATION."

27          6.        At the request of counsel for any party, all persons other than those to whom

28  disclosure of Confidential or Confidential Attorneys' Eyes Only Information is permitted

1    under the terms of this Stipulated Protective Order shall be excluded from a deposition

2    whenever such information is to be disclosed or discussed.

3         7.    A non-party deponent may also designate his or her testimony as

4    Confidential or Confidential Attorneys' Eyes Only Information in accordance with the

5    foregoing provisions of Paragraphs 5 and 6.  Also, any party may designate any testimony

6    of a non-party deponent as Confidential or Confidential Attorneys' Eyes Only Information,

7    even though not so designated by the deponent himself or herself, in accordance with the

8    foregoing provisions of Paragraphs 5 and 6.

9         8.    In addition to the procedures set forth at Paragraphs 4 and 7, in the event that

10   any Producing Party inadvertently produces documents or provides discovery responses

11   that contain Confidential or Confidential Attorneys' Eyes Only Information without

12   designating them as such, the Producing Party (or a party pursuant to Paragraphs 4 and/or

13   7) may remedy such inadvertent production as follows:

14        a.    Within seven (7) days after the discovery of such production, the

15              Producing Party shall give written notice by facsimile to counsel for the party in

16              receipt of such Confidential Information, and shall produce alternate copies of the

17              documents bearing the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS'

18              EYES ONLY" legend.

19        b.    On receipt of such notice, counsel shall within five business (5) days

20              return the documents, which were inadvertently not designated as Confidential or

21              Confidential Attorneys' Eyes Only Information to the Producing Party and/or

22              destroy any copies thereof.

23        c.    If counsel who received the Confidential or Confidential Attorneys'

24              Eyes Only Information already has disseminated it to any other person, such counsel

25              shall promptly notify all those persons in writing of the need to return all copies of

26              such Confidential or Confidential Attorneys' Eyes Only Information and not to

27              further disseminate such information.  Counsel who received the Confidential or

28              Confidential Attorneys' Eyes Only Information shall also take all reasonable

1    measures promptly to ensure that no further or greater unauthorized disclosure of

2    the Confidential or Confidential Attorneys' Eyes Only Information is made by

3    anyone and shall either (a) use reasonable measures taken in good faith to retrieve

4    all such information, including any copies, from any person to whom the

5    information was disclosed (if they are not otherwise entitled to such information

6    according to the terms of this stipulation); or (b) provide the name and telephone

7    number and/or address of anyone to whom the information was disclosed to counsel

8    for the party who produced such information so that counsel can attempt to retrieve

9    all such information.

10        9.      At any proceeding in connection with this litigation, counsel for the parties

11   may, subject to the applicable rules of evidence, disclose or refer to Confidential or

12   Confidential Attorneys' Eyes Only Information in accordance with the terms of this

13   Stipulated Protective Order, unless otherwise ordered by the Court.  If any party wishes to

14   include any document designated Confidential or Confidential Attorneys' Eyes Only

15   Information or any summary, abstract or description thereof in any document filed with the

16   Court, they shall submit such documents or such portions thereof to the Court in the manner

17   prescribed by Northern District of California Local Rule 79-5.  The party seeking to file

18   such documents under seal shall do so pursuant to a Court order and, if seeking to file a

19   document that has been designated Confidential or Confidential Attorneys' Eyes Only

20   Information by another party pursuant to this Stipulated Protective Order, shall file and

21   serve an Administrative Motion pursuant to Local Rule 79-5(d).  Such document or such

22   portions thereof that contain this information filed under seal shall bear the following

23   legend: "DOCUMENT SUBMITTED UNDER SEAL."

24        10.     At the request of counsel for any Producing Party, during that portion of any

25   proceeding described in Paragraph 9 hereof during which Confidential or Confidential

26   Attorneys' Eyes Only Information is to be disclosed or referred to, all persons to whom

27   disclosure of such information is not permitted under the terms of this Stipulated Protective

28   Order shall be excluded from the room, if so ordered by the Court.

1        11.    Except as provided in Paragraph 12, Confidential Information may be

2  disclosed or made available by counsel of record for the party receiving such Confidential

3  Information only to the following "Qualified Persons" as defined herein or to such other

4  persons as the parties may agree upon in writing.  For purposes of this Stipulated Protective

5  Order, "Qualified Persons" means:

6           a.     the Court, including the Court's administrative personnel;

7           b.     court reporters;

8           c.     outside counsel to the parties in this litigation and the paralegal,

9  clerical, secretarial, and other persons employed or engaged by any such counsel;

10          d.     no more than seven employees or other agents, not including

11  administrative personnel, of the non-producing party whose identity shall be made

12  known to the Producing Party by facsimile or telephone three business days in

13  advance of any disclosure;

14          e.     outside photo-copying services;

15          f.     experts, advisors, and consultants (including their employees and

16  support staff) retained by counsel of record to the extent reasonably necessary for

17  this litigation;

18          g.     deponents and/or trial witnesses and counsel for such deponents or

19  witnesses to the extent necessary for preparation or examination of the deponent or

20  trial witness whose identity shall be made known to the Producing Party by

21  facsimile or telephone three business days in advance of any disclosure; and

22          h.     such other persons as hereafter may be authorized by the Court upon

23  motion or by the parties upon stipulation.

24        12.    Confidential Attorneys' Eyes Only Information may be disclosed or made

25  available by counsel of record for the party receiving such Confidential Attorneys' Eyes

26  Only Information only to the following "Special Qualified Persons" as defined herein or to

27  such other persons as the parties may agree upon in writing.  For purposes of this Stipulated

28  Protective Order, "Special Qualified Persons" means:

1         a.      the Court, including the Court's administrative personnel;

2         b.      court reporters;

3         c.      outside counsel to the parties in this litigation and the paralegal,

4  clerical, secretarial, and other persons employed or engaged by any such counsel;

5         d.      outside photo-copying services;

6         e.      experts, advisors, and consultants (including their employees and

7  support staff) retained by counsel of record in this litigation;

8         f.      deponents and/or trial witnesses and counsel for such deponents or

9  witnesses whose identity shall be made known to the Producing Party by facsimile

10  or telephone three business days in advance of any disclosure; and

11         g.      such other persons as hereafter may be authorized by the Court upon

12  motion or by the parties upon stipulation.

13      13.      Notwithstanding any other provision of this Stipulated Protective Order,

14  Confidential or Confidential Attorneys' Eyes Only Information may not be disclosed to a

15  party (except as provided in Paragraph 11(d) herein), to a competitor of a party, or to any

16  person employed or consulted by a competitor of a party, except where a competitor of a

17  party, or person employed or consulted by a competitor of a party, is a person listed in

18  Paragraphs 11(f) and 12(e) and the Producing Party objects pursuant to the procedures set

19  forth in this paragraph.  The Producing Party may object to the proposed disclosure of any

20  Confidential or Confidential Attorneys' Eyes Only Information to any person pursuant to

21  Paragraphs 11(d), 11(f), 11(g), 12(e) and 12(f), by providing written objection to counsel by

22  facsimile three business days in advance of any disclosure, except where the person listed

23  in Paragraphs 11(d), 11(f), 11(g), 12(e) and 12(f) is indicated on the face of the Confidential

24  or Confidential Attorneys' Eyes Only Information as its author or recipient, or is a

25  testifying expert witness.  Counsel shall meet and confer in good faith within 10 days of the

26  date of the written objection in an effort to resolve any dispute concerning the proposed

27  disclosure.  If the objection cannot be resolved by agreement, the objecting party must

28  move the Court for an Order prohibiting the disclosure.  The moving party shall bear the

1    burden of showing why the proposed disclosure should be prohibited.  In the absence of a

2    motion, the information may be disclosed pursuant to the provisions of this Stipulated

3    Protective Order.  If the written objection operates to prevent disclosure of any Confidential

4    or Confidential Attorneys Eyes Only Information at a deposition, and as a result it is

5    necessary to reconvene that deposition, the objecting party shall pay the costs of the

6    reconvened deposition unless the objecting party was successful in obtaining a Court Order

7    prohibiting disclosure.

8            14.      Confidential or Confidential Attorneys' Eyes Only Information may be

9    disclosed to a person listed in Paragraphs 11 and 12 above, but only if counsel for the party

10   disclosing that information complies with the procedures set forth in this paragraph.  The

11   persons who will be shown or given such information must sign the attestation attached as

12   Exhibit A hereto before being provided with any Confidential or Confidential Attorneys'

13   Eyes Only Information.  If the person is to testify at trial for a party, the signed attestation

14   must be served along with the party's trial witness list.  Nothing in this Stipulated

15   Protective Order shall be construed to preclude a party from asserting the right to object to

16   the use of Confidential or Confidential Attorneys' Eyes Only Information with any

17   particular deponent or trial witness.  Notwithstanding any of the foregoing, the provisions

18   of this paragraph shall not apply to the Court, including the Court's administrative

19   personnel; or to outside counsel to the parties in this litigation and the paralegal, clerical,

20   secretarial, and other persons employed or engaged by any such counsel; and outside

21   photocopying services.

22           15.      Any party to the litigation to whom Confidential or Confidential Attorneys'

23   Eyes Only Information is produced or disclosed may object at any time to the

24   "Confidential" or "Confidential Attorneys' Eyes Only" designation.  The objection shall be

25   made in writing to counsel for the designating party.  Counsel shall meet and confer in good

26   faith within 10 days of the date of the written objection in an effort to resolve any dispute

27   concerning such designation.  If the objection cannot be resolved by agreement, the

28   objecting party may move the Court for an order that the information at issue is not to be

1  considered and treated as Confidential or Confidential Attorneys' Eyes Only Information

2  within the meaning of this Stipulated Protective Order.  The party asserting the

3  "Confidential" or "Confidential Attorneys' Eyes Only" designation shall bear the burden of

4  showing why such information is entitled to such treatment under the law.  In the event of

5  such motion, the documents or information whose designation is objected to shall continue

6  to be treated as so designated until the motion is decided.  Following the Court's ruling, the

7  documents for which "Confidential" or "Confidential Attorneys' Eyes Only" designation

8  was sought shall be returned by the Court to the party that furnished the same to the Court.

9       16.    In the event of a disclosure of Confidential or Confidential Attorneys' Eyes

10  Only Information to a person not authorized to have had such disclosure made to him or her

11  under the provisions of this Stipulated Protective Order, the party responsible for having

12  made or allowed such disclosure shall, upon becoming aware of such disclosure,

13  immediately inform counsel for the party whose Confidential or Confidential Attorneys'

14  Eyes Only Information has thus been disclosed of all relevant information concerning the

15  nature and circumstances of such disclosure, including the name and business address and

16  telephone number of the person who received the information.  The responsible party shall

17  also take all reasonable measures promptly to ensure that no further or greater unauthorized

18  disclosure of the information is made by anyone, and shall use reasonable measures taken

19  in good faith to retrieve all Confidential or Confidential Attorneys' Eyes Only Information,

20  including any copies, from the person to whom the information was disclosed.

21       17.    Nothing herein shall prevent any party who has received Confidential or

22  Confidential Attorneys' Eyes Only Information pursuant to this Stipulated Protective Order

23  from producing such information in response to a lawful subpoena or other compulsory

24  process; provided that any party receiving such subpoena or process (i) shall, within three

25  (3) business days of receiving the subpoena or process, give notice thereof to the

26  designating party by telephone and facsimile and shall furnish the designating party with a

27  copy of the subpoena or other compulsory process so as to afford the designating party a

28  reasonable opportunity to seek a protective order; and (ii) if application for a protective

1    order is made by the designating party before the return date, shall not produce such

2    Confidential or Confidential Attorneys' Eyes Only Information prior to receiving a court

3    order or the written consent of the designating party.

4          18.    Compliance with the terms of this Stipulated Protective Order shall not

5    operate as an admission that any particular information is or is not Confidential or

6    Confidential Attorneys' Eyes Only Information.

7          19.    This Stipulated Protective Order does not waive any rights the parties may

8    have to object on any grounds to the use of any Confidential or Confidential Attorneys'

9    Eyes Only Information as evidence at any trial or hearing in this litigation.  Disclosure of

10   any Confidential or Confidential Attorneys' Eyes Only Information by any person or in any

11   manner not permitted by this Stipulated Protective Order shall not result in a waiver of or

12   otherwise limit the right of the parties to enforce the provisions of this Stipulated Protective

13   Order.  Nothing contained herein shall constitute a waiver by any party of the right to claim

14   that information designated by any other party as Confidential or Confidential Attorneys'

15   Eyes Only is not, in fact, Confidential or Confidential Attorneys' Eyes Only Information.

16         20.    Nothing contained herein shall operate to prevent any party to this litigation

17   from disclosing its own Confidential Information or Confidential Attorneys' Eyes Only

18   Information.

19         21.    Nothing contained herein shall impose any restrictions on the use or

20   disclosure by a party or witness in this litigation of documents or information lawfully

21   obtained independently of the discovery proceedings in this litigation.

22         22.    This Stipulated Protective Order will not prejudice any party's right to

23   withhold information on the bases of privileges and/or work product, or to argue that an

24   inadvertent production of purportedly privileged material does or does not constitute a

25   waiver of the asserted privilege.

26         23.    Any party receiving Confidential or Confidential Attorneys' Eyes Only

27   Information shall treat such information confidentially and shall retain all confidential

28   materials in a safe place in a manner consistent with this Stipulated Protective Order.

1      24.    A party may make Confidential or Confidential Attorneys' Eyes Only

2  Information available to another party for inspection and copying.  Such inspection and

3  copying shall not constitute a waiver of any claim of confidentiality, attorney-client

4  privilege, attorney work-product immunity, or any other applicable privilege or immunity.

5  This Stipulated Protective Order will not prejudice the right of any party or non-party to

6  oppose production of any information on the ground of attorney-client privilege, work

7  product immunity, or any other privilege or protection provided under law.

8      25.    Neither the provisions of this Stipulated Protective Order, nor any

9  designation or failure to designate any particular document or information as "Confidential

10  Information" or "Confidential Attorneys' Eyes Only Information" thereunder, shall, at any

11  time or in any other litigation, constitute a waiver of any party's assertion of confidentiality

12  with respect to any document or information covered or not covered by this Stipulated

13  Protective Order.

14      26.    This Stipulated Protective Order shall be without prejudice to the right of

15  any party to apply to the Court for enforcement of any or all of the provisions of this

16  Stipulated Protective Order or for such further protection as justice may require, including

17  obtaining additional protection not provided in this Stipulated Protective Order.

18      27.    All Confidential and Confidential Attorneys' Eyes Only Information and all

19  copies thereof or materials derived therefrom shall be returned to the Producing Party or

20  shall be destroyed within thirty (30) days after the conclusion of this litigation.  Destruction

21  of such documentary material shall be acknowledged by the destroying party in writing.

22      28.    After the conclusion of this litigation, any party's counsel and all other

23  persons to whom Confidential or Confidential Attorneys' Eyes Only Information has been

24  disclosed shall not disclose or communicate to, or discuss with, any other person any

25  portion of such information, unless such information later becomes public knowledge and

26  such public knowledge becomes known to the party's counsel or such other persons.

27

28

700387079v3               - 11 -             STIPULATED PROTECTIVE ORDER
                                                   Case No. C-05-3526 SBA

1    29.    Any summaries or notes prepared from any Confidential or Confidential

2 Attorneys' Eyes Only Information are subject to the provisions of this Stipulated Protective

3 Order.

4    30.    Nothing herein shall preclude the dissemination of documents containing

5 Confidential or Confidential Attorneys' Eyes Only Information among outside counsel of

6 record in this litigation, their paralegals, and their clerical, secretarial; and other employees

7 or agents.

8    31.    The termination of this action shall not terminate this Stipulated Protective

9 Order, and the Court shall retain jurisdiction to enforce this Stipulated Protective Order.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. C-05-3526 SBA

1    Dated:  March __, 2006.

2                                         PILLSBURY WINTHROP SHAW PITTMAN LLP
                                          ROBERT C. PHELPS
3                                         RANAH L. ESMAILI
                                          50 Fremont Street
4                                         Post Office Box 7880
                                          San Francisco, CA  94120-7880
5

6                                         By /s/ Robert C. Phelps
                                             _____
7                                             Robert C. Phelps

8                                         Attorneys for Defendants
                                          VALERO REFINING COMPANY –
9                                         CALIFORNIA and VALERO MARKETING
                                          AND SUPPLY COMPANY
10

11   Dated:  ~~March~~ May 9, 2006.

12                                         DANE J. DURHAM, ESQ.
                                  12989    ~~12995~~ Occidental Road
13                                         Sebastapol, CA 95472

14

15                                         By _____
                                              Dane J. Durham
16

17                                         Attorney for Plaintiff
                                           PETROLEUM SALES, INC.

18

     GOOD CAUSE appearing, it is so ORDERED.
19

20   Dated:  March __, 2006.

21

22                                         By _____

23

24   Dated: May 15, 2006

25

26

27

28

700387079v3                                STIPULATED PROTECTIVE ORDER
                                           Case No. C-05-3526 SBA

1              AGREEMENT TO BE BOUND BY

2              STIPULATED PROTECTIVE ORDER

3

4       The undersigned, _____,

5 hereby acknowledges that, on _____, he/she read the Stipulation and

6 Protective Order entered in <u>Petroleum Sales, Inc., v. Valero Refining Company-California,</u>

7 <u>et al.,</u> Case No. C-05-3526 SBA, and that he/she understands and agrees to be bound by all

8 provisions of the aforesaid Stipulation and Protective Order.

9

10 Dated: _____.

11

12 Signed: _____.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28