IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETROLEUM SALES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> VALERO REFINING COMPANY - CALIFORNIA, et al., <br><br> Defendants. | No. C 05-3526 SBA (MEJ) <br><br> **ORDER RE: PLAINTIFF'S REQUEST TO PROPOUND ADDITIONAL INTERROGATORIES** |

This case involves claims for breach of contract, unfair competition and price discrimination. Plaintiff Petroleum Sales Inc. ("PSI") owns and operates four gasoline service stations in the Bay Area that it purchased from defendant Valero Refining Company ("Valero") in 2001.

On August 18, 2006, the parties filed a joint letter regarding PSI's request to propound additional interrogatories. Dan Durham signed for PSI. Robert C. Phelps signed for Valero. These discovery requests include the following:

> Interrogatory No. 26: State the prices per gallon at which you sold gasoline at the Valero branded station at 2985 San Bruno Avenue, San Francisco, CA 94135 from November 2003 through December 2004.
>
> Interrogatory Number 27: State all reasons why the Valero branded station at 2985 San Bruno Avenue, San Francisco, CA 94135 was not in price zone 072B, 201F or 201C from November 2003 through December 2004.

<u>Interrogatory Number 28:</u> State by location the total gallons fo gasoline sold by year by you to the Valero branded dealers at each of the following locations since 2000: 2985 San Bruno Avenue, San Francisco, CA 941335, 800 Camino Real, San Bruno, CA 94066 and 310 E. San Bruno Avenue, San Bruno, CA 94066.

<u>Interrogatory Number 29:</u> Identify the zip code of each Valero branded dealer identified in Exhibit B to defendants' responses no. 19 (set 3) in this action.

<u>Interrogatory Number 30:</u> State the zip code of each gasoline, credit card customer at Valero branded stations at 2985 San Bruno Avenue, San Francisco, CA 94135, 800 El Camino Real, San Bruno, CA 94066 and 310 E. San Bruno Avenue, San Bruno, CA 94066 on the first and fifteenth day of each month in 2004 and of May to July 2006.

<u>Interrogatory Number 31:</u> State the prices per gallon at which you sold gasoline to the Valero branded station at 800 El Camino Real, San Bruno, CA 94066 from November 2003 through December 2004.

<u>Interrogatory Number 32:</u> State all reasons why the Valero branded station at 800 El Camino Real, San Bruno, CA 94066 was not in price zone 072B or 201C from November 2003 though December 2004.

<u>Interrogatory Number 33:</u> Do you contend that the Valero branded station 800 El Camino Real, San Bruno, CA 94066 did not compete with PSI's stations on Westborough and Sullivan from November 2003 through December 2004?

<u>Interrogatory Number 34:</u> If you answer to interrogatory no. 33 above was "yes," please state all facts and identify all documents and persons with knowledge of facts that support your answer.

(August 18, 2006 Joint Letter ("Joint Letter"), Attach.)

In the Joint Letter, Valero argues that PSI's additional nine interrogatories are above and beyond the 25 permitted pursuant to Federal Rule of Civil Procedure ("FRCP") 33(a). Valero further argues that the additional discovery should not be granted because it is duplicative, obtainable from other sources, and the benefit of the additional discovery would outweigh the benefits. Valero also argues that PSI has had an ample opportunity to obtain discovery. In response PSI argues the relevancy of each interrogatory to its claims.

"Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served." Fed. R. Civ. P. 33(a). Pursuant to Northern District of California Local Rule

33-3, "[a] motion for leave to propound more interrogatories than permitted by FRCivP 33 must be accompanied by a memorandum which sets forth each proposed interrogatory and explains in detail why it is necessary to propound the additional questions."

To date PSI has propounded 25 interrogatories to Valero, which is the maximum allowed without leave of court. Despite the possible relevancy of each interrogatory, PSI has made no showing as to why it is necessary to propound the additional questions. Specifically, PSI has not shown why it was unable to obtain this information from a different source. Further, as evidenced by the parties' letter, PSI has propounded extensive discovery in this case, yet it fails to make any showing as to why it was unable to obtain the information from its previous discovery requests. As PSI fails to explain why it is necessary to propound the additional interrogatories, the Court hereby DENIES its request.

**IT IS SO ORDERED.**

Dated: September 11, 2006

MARIA-ELENA JAMES
United States Magistrate Judge