IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETROLEUM SALES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>VALERO REFINING COMPANY -<br>CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-3526 SBA (MEJ)<br><br>**ORDER RE: PLAINTIFF'S REQUEST<br>FOR PRODUCTION OF DOCUMENTS** |

### I. BACKGROUND

This case involves claims for breach of contract, unfair competition and price discrimination. Plaintiff Petroleum Sales Inc. ("PSI") owns and operates four gasoline service stations in the Bay Area that it purchased from defendant Valero Refining Company ("VRC") in 2001, which is a wholly-owned subsidiary of Valero Energy Corporation. PSI's and VRC's business relationship also includes defendant Valero Marketing Company ("VMC"), another wholly-owned subsidiary of Valero Energy Corporation (collectively, "Defendants").

On August 28, 2006, the parties filed a joint letter ("Joint Letter") regarding Defendants' objections to seven of PSI's First Set of Requests for Production of Documents. (Doc. #49.) Dane Durham signed for PSI. Ranah L. Esmaili signed for Defendants.

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(b)(1), parties may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Requests for production of documents may be served pursuant to FRCP 34. Although FRCP 34 requires a party to set forth the request with reasonable particularity, the documents "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, discovery can be limited by the Court if it is cumulative or duplicative, obtainable from another source, the party seeking discovery has had ample opportunity by discovery in the action sought to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* at 26(b)(2).

**A.     Request for Production Nos. 5 and 6**

PSI's original Request for Production ("RFP") No. 5 sought "[a]ll communications between defendant and plaintiff." (Joint Letter, Attach. 1.) RFP No. 6 sought "[a]ll communications between Valero Energy Corporation and plaintiff." *Id.* After Defendants objected to these requests, PSI limited them to (1) communications dated in 2003 regarding the use of a credit card processing system other than Defendants' processing network, and (2) communications dated from 2000 through 2003 regarding gasoline pricing. PSI further limited the requests to communications between Defendants and PSI, and excluded routine records of credit card transactions and DTW price changes.

PSI argues that its amended requests are relevant to their claim that Defendants unlawfully refused to pay a facilities allowance to PSI, as a result of which PSI suffered lost profits and sales. In response, Defendants argue that RFP Nos. 5 and 6 are outside the scope of permissible discovery on three grounds: (1) there is no claim in this case that Defendants gasoline pricing to PSI was in any way improper; (2) PSI seeks relief for alleged pricing issues in a separate action pending in San Francisco Superior Court; and (3) PSI has not provided a compelling reason why it requires communications regarding gasoline pricing in this action.

Although PSI's original requests were overbroad, the Court finds that PSI has limited its

2

1 requests with reasonable particularity so that they are likely to lead to the discovery of admissible
2 evidence. Further, Defendants have not demonstrated that they have already produced the requested
3 documents through the pending state court action. Accordingly, Defendants shall respond to RFP
4 Nos. 5 and 6 as amended by PSI.

**B.     Request for Production No. 14**

PSI's original Request for Production No. 14 sought "[a]ll communications to and from defendants and/or Valero Energy Corporation regarding discontinuance of the VIP incentive. (Joint Letter, Attach. 1.) After Defendants objected, PSI limited this request to communications dated between January 1, 2002, and December 31, 2004, that discuss the effects on dealers of discontinuing the Volume Incentive Program ("VIP") and increasing DTW prices. PSI argues that RFP No. 14 is relevant to the following claims: (1) that the price affects its profits and sales; (2) that it suffered lost profits and sales when VMS further increased prices by refusing to pay PSI a facility allowance; and (3) that the dealer agreement is an unenforceable contract. In response, Defendants argue that this request is outside the scope of permissible discovery. Specifically, Defendants contend that neither the VIP program nor the underlying business decision to end it are at issue in this case. Defendants further argue that the request will not lead to the discovery of admissible evidence. Lastly, Defendants argue that PSI could seek an admission that the program was discontinued, making this broad and burdensome request for production unnecessary.

Here, the Court finds that PSI's narrowed request is, at a minimum, likely to lead to the discovery of admissible evidence. Regardless of whether Defendants provide an admission on the VIP program itself, PSI's request is still relevant to its above-listed claims. However, the request should be further narrowed because it includes the effects on "all" dealers. Accordingly, Defendants shall respond to RFP 14 as limited by PSI, but only as to the effect on dealers within PSI's region/price zone.

**C.     Request for Production No. 15**

PSI's original Request for Production No. 15 sought "[a]ll communications to and from defendants and/or Valero Energy Corporation regarding DTW pricing of gasoline in the Bay Area."

3

1  (Joint Letter, Attach. 1.)  After Defendants objected, PSI limited this request to communications
2  dated between January 1, 2002, and December 31, 2004, that discuss the effects on dealers of
3  discontinuing the VIP incentive and increasing DTW prices.  PSI argues that this request is relevant
4  to its claim that it suffered lost profits and sales when VMS further increased gasoline prices by
5  refusing to pay facilities allowances.  PSI further argues that it may be relevant to its claim that the
6  dealer contract agreement is unenforceable.  In response, Defendants argue that PSI's request is
7  outside the scope of permissible discovery for three reasons: (1) there is no claim that VMS pricing
8  was improper; (2) PSI is already seeking relief for alleged pricing issues in a separate action pending
9  in San Francisco Superior Court; and (3) PSI has not provided a compelling reason why it requires
10 communications regarding gas prices.

11      Although PSI's original request was overbroad, the Court finds that PSI has limited its
12 request with reasonable particularity so that it is likely to lead to the discovery of admissible
13 evidence.  Further, Defendants have not demonstrated that they have already produced the requested
14 documents through the pending state court action.  Accordingly, Defendants shall respond to RFP
15 Nos. 15 as amended by PSI.

16 **D.    Request for Production No. 16**

17      PSI's original Request for Production No. 16 sought "[a]ll records that show credit card
18 processing charges paid to and/or by defendants and/or Valero Energy Corporation on gasoline sales
19 in plaintiff's prices zones since 6/15/00."  (Joint Letter, Attach. 1.)  After Defendants objected, PSI
20 agreed to limit its request to exemplar records in Defendants' possession, custody, or control
21 showing credit card processing charges typically paid to and/or by Defendants on gasoline sales at
22 PSI's stations.  Although Defendants subsequently produced merchant settlement records showing
23 this information, PSI now seeks "records that identify all parties to whom any portion of those
24 discounts and fees were paid or distributed."  Defendants argue that PSI's request is beyond the
25 scope of its original request and, thus, the records sought are not responsive to the original request.

26      Upon review of the parties' arguments, the Court finds that PSI's second request, which seeks
27 documents regarding "discounts and fees" is not the same as its original request, which sought

28                                4

1 "processing charges." Thus, the request appears to be beyond the scope of PSI's original request. As
2 PSI provided no explanation in the Joint Letter as to how the terms seek the same information,
3 Defendants need not provide a further response.

### E.     Request for Production Nos. 24 and 25

PSI's original Request for Production No. 24 sought "[a]ll correspondence between defendants and/or Valero Energy Corporation and attorney Dimitri Daskal regarding gasoline pricing in the Bay Area." (Joint Letter, Attach. 1.) Request for Production No. 25 sought "[a]ll correspondence between defendants and/or Valero Energy Corporation and attorney Dimitri Daskal regarding sale of gasoline stations in the Bay Area." *Id.* PSI argues that Defendants made representations to Mr. Daskal, PSI's attorney, regarding gasoline pricing and sale of gasoline stations, and that it relied on these representations in purchasing stations and when signing franchise and dealer agreements. PSI contends that these communications would show the commercial setting, purpose and effect of Defendant's franchise and dealer agreements, which PSI contends are unconscionable. In response, Defendants argue that these request are outside the scope of permissible discovery for three reasons: (1) there is no claim that VMS pricing was improper; (2) PSI already seeks relief for alleged pricing issues in a separate action pending in San Francisco Superior Court; and (3) PSI has not provided a compelling reason why it requires communication regarding gas pricing at this station.

Given that Mr. Daskal is PSI's attorney, the correspondence between Mr. Daskal and Defendants is equally available to PSI as it is to Defendants. *De Massa v. Nunez*, 770 F.3d 1505, 1507 (9th Cir. 1985) (a client's legal files belong to the client, not the attorney). Accordingly, PSI can request the correspondence from Mr. Daskal and Defendants need not respond to RFP Nos. 24 and 25.

**IT IS SO ORDERED.**

Dated: September 18, 2006

MARIA ELENA JAMES
United States Magistrate Judge

5