IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETROLEUM SALES, INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>VALERO REFINING COMPANY - CALIFORNIA, et al.,<br><br>       Defendants.<br>_____/ | No. C 05-3526  SBA (MEJ)<br><br>**ORDER RE: PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS NOS. 64-65** |

      The Court is in receipt of the parties' joint letter, filed September 25, 2006, regarding plaintiff Petroleum Sales, Inc.'s ("Plaintiff") Requests for Production Nos. 64-65.  (Doc. #52.)  Request No. 64 seeks "Monthly profit and loss records referred to by Dane Williams in his second deposition . . . that show Valero's credit card processing costs from November 2003 through December 2004."  Request No. 65 seeks "Periodic analyses referred to by Dane Williams in his second deposition . . . of Valero's credit card processing costs from November 2003 through December 2004."  *Id.*  Plaintiff argues that this information is relevant to show that Defendants earned profits from fees charged for processing major credit card transactions at Plaintiff's stations.  Plaintiff contends that the magnitude of those profits will demonstrate Defendants' true motivation for refusing to pay its facilities allowances until Plaintiff agreed to process all credit card transactions on Defendants' network.

      In response, Defendants argue that Plaintiff's requests are outside the scope of permissible

discovery because their motivation is irrelevant to the question in this case - whether Plaintiff or Defendants breached the Supply Agreement.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(b)(1), parties may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Requests for production of documents may be served pursuant to FRCP 34. Although FRCP 34 requires a party to set forth the request with reasonable particularity, the documents "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, discovery can be limited by the Court if it is cumulative or duplicative, obtainable from another source, the party seeking discovery has had ample opportunity by discovery in the action sought to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* at 26(b)(2).

Here, the Court questions the relevance of Plaintiff's requests. The requests seek documents related to credit card fees, but the fees are not at issue in this case. As Plaintiff states in the joint letter, its complaint about Defendants' credit card processing system was the speed of the system, not its cost. Further, Plaintiff does not dispute that a Valero employee already testified that processing fees are used to offset the costs of credit card processing. Accordingly, the Court finds that the requested information is duplicative, and any potential relevance is outweighed by the burden on Defendants of producing this information.

**IT IS SO ORDERED.**

Dated: October 24, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

2