1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ROBERT C. PHELPS #106666
2  robert.phelps@pillsburylaw.com
   RANAH L. ESMAILI # 233477
3  ranah.esmaili@pillsburylaw.com
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, CA  94120-7880
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6
   Attorneys for Defendants VALERO REFINING
7  COMPANY-CALIFORNIA and VALERO
   MARKETING AND SUPPLY COMPANY
8

9                UNITED STATES DISTRICT COURT
10
              NORTHERN DISTRICT OF CALIFORNIA
11
                     OAKLAND DIVISION
12

13  _____
                                  )
14  PETROLEUM SALES, INC.,        )   No. C 05-3526 SBA
                                  )
15                   Plaintiff,   )   DEFENDANTS' OBJECTIONS TO
                                  )   EVIDENCE SUBMITTED BY
16       vs.                      )   PLAINTIFF IN OPPOSITION TO
                                  )   DEFENDANTS' MOTION FOR
17  VALERO REFINING COMPANY –     )   SUMMARY JUDGMENT
    CALIFORNIA, VALERO MARKETING  )
18  AND SUPPLY COMPANY, and DOES 1)   Date:  December 19, 2006
    through 20,                   )   Time:  1:00 P.M.
19                                )   Courtroom: 3
                     Defendants.  )
20  _____)

21

22

23

24

25

26

27

28
    700576814v1

1   Defendants <u>VALERO REFINING COMPANY-CALIFORNIA</u> and <u>VALERO</u>

2   <u>MARKETING AND SUPPLY COMPANY</u> ("Defendants") submit the following

3   objections to evidence submitted by plaintiff Petroleum Sales, Inc. ("PSI") in its opposition

4   to Defendants' motion for summary judgment.

5   I.      <u>OBJECTIONS TO DECLARATION OF BEN SHIMEK (Dkt. 76, Ex. 1).</u>

6           Federal Rule of Civil Procedure 56(e) requires that affidavits "shall be made on

7   personal knowledge, shall set forth such facts as would be admissible in evidence, and shall

8   show affirmatively that the affiant is competent to testify to the matters stated therein…

9   [and] [s]worn or certified copies of all papers or parts thereof referred to in an affidavit

10  shall be attached thereto or served therewith." *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of*

11  *America, NT & SA*, 285 F.3d 764, 774 n.9 (9th Cir. 2002) Mr. Shimek fails to show that he

12  is competent to testify to the matters stated in his declaration and fails to authenticate the

13  documents upon which he relies.

14          A.      <u>Objections to Exhibits 2, 3, 5, 7, 11, 21 and 37.</u>

15          These letters are not properly authenticated.  Only admissible evidence that has been

16  properly authenticated may be considered on a motion for summary judgment.  *Orr*, 285

17  F.3d at 773.  Mr. Shimek does not authenticate these letters through personal knowledge.

18  "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed

19  it, used it, or saw others do so." F.R.E. 901(b)(1).  Nor does he authenticate these

20  documents by any other method set forth in Rule 901. F.R.E. 901.

21          B.      <u>Objection to Exhibits 4, 6 and 10.</u>

22          These letters to and from third parties are not properly authenticated.  F.R.E. 901,

23  902.  That Mr. Shimek received the document from PSI's attorney or the addressee of the

24  letter does not establish their accuracy or genuineness. *See Orr*, 285 F.3d at 733 n.7.

25          C.      <u>Objection to Exhibit 25.</u>

26          These documents are not properly authenticated. F.R.E. 901, 902.  Mr. Shimek

27  testifies that these "are copies of Credit Memos faxed by Valero Marketing…." He fails,

28

DEFENDANTS' OBJECTIONS TO EVIDENCE
SUBMITTED BY PLAINTIFF
Case No. C 05-3526 SBA

1   however, to testify as to their accuracy or genuineness based on personal knowledge or

2   otherwise. *See Orr*, 285 F.3d at 733 n.7.

3        D.    <u>Page 2:23-28, 4:22-28</u>.

4        Lack of personal knowledge. F.R.E. 602. "A witness may not testify to a matter

5   unless evidence is introduced sufficient to support a finding that the witness has personal

6   knowledge of the matter." F.R.E. 602. Mr. Shimek states that he "discovered" that the

7   credit card processing system was too slow, but fails to establish that this "discovery" was

8   based on personal knowledge (as opposed to learning the matter second hand).

9        E.    <u>Page 22:5-7</u>.

10       Hearsay (F.R.E. 801, 802) as to statement made by the non-party consultant

11  (Trimble) regarding whether the Card Guide prohibited PSI from processing third party

12  cards on a separate network.

13       F.    <u>Page 23:2-3</u>.

14       Hearsay (F.R.E. 801, 802) as to statement made by the non-party consultant

15  (Trimble) regarding the requirements to authorize Valero's cards on PSI's network.

16       G.    <u>Page 6:13-16</u>.

17       Hearsay (F.R.E. 801, 802) as to statement made by the non-party consultant (Paul)

18  regarding damages resulting from non-payment of facilities allowance.

19       H.    <u>Page 6:21-7:4</u>.

20       Lack of personal knowledge concerning PSI's electronic funds transfers. F.R.E.

21  602.

22       I.    <u>Page 6:4-5</u>.

23       Hearsay (F.R.E. 801, 802) as to statement made by the non-party (Barrantes)

24  regarding the manner in which Valero Marketing debited and credited Valero dealers.

25       J.    <u>Page 7:6-22</u>.

26       Lack of personal knowledge concerning whether Valero stations were in

27  competition with one another. F.R.E. 602.

28    700576814v1

-2-

1       This testimony also improperly seeks to create a triable issue of fact by

2   contradicting Mr. Shimek's prior deposition testimony.  Paragraph 31 states that PSI's

3   Lombard street and San Rafael (*i.e.,* "Northgate") stations compete with the jobber-supplied

4   Valero station at 100 Marinwood.  In deposition, Mr. Shimek testified that the only Valero

5   stations PSI's Northgate and Lombard stations competed with were each other.  Shimek

6   Dep., p. 220:12-24 (PSI Northgate station only competes with PSI's Lombard station); p.

7   222:6-15 (PSI Lombard station only competes with PSI Northgate station) [Phelps Decl., ¶

8   11, Exh. J].  This is improper.  *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544

9   (9th Cir.1975).

10      K.      Page 7:16-22.

11      Irrelevant.  F.R.E. 401, 402.  PSI's Kentfield station is not at issue in this action.

12      L.      Page 7:19-22.

13      Hearsay (F.R.E. 801, 802) as to statement made by the non-party (Valero jobbers

14  and dealers) regarding whether Valero Marketing sold petroleum to Valero jobbers at

15  wholesale.

16  II.     OBJECTIONS TO DECLARATION OF MICHAEL TRIMBLE (Dkt. 76, Ex. 8).

17      A.      Page 2:12-2, 3:28-4:7.

18      Lack of personal knowledge.  F.R.E. 602.  Also improper opinion testimony for

19  purposes of summary judgment.  Mr. Trimble testifies to the speed of credit card

20  authorization, but fails to establish the basis for this understanding.  PSI's reference to

21  Trimble's "naked opinion" is insufficient to establish triable issues of fact.  *E.g., Mid-State*

22  *Fertilizer Co. v. Exchange Nat'l Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989).

23      B.      Page 5:16-24.

24      Witness lacks of scientific, technical or specialized knowledge to draw conclusions

25  concerning whether the Credit Card Sales Guide precluded PSI from using its own credit

26  card processing system to process Valero and third-party credit cards.  F.R.E. 702.

27

28
    700576814v1                              - 3 -

1    C.    Page 7:5-23.

2        Lack of personal knowledge. F.R.E. 602. Also improper opinion testimony for

3    purposes of summary judgment. Mr. Trimble testifies about whether the PSI stations were

4    in competition with other Valero stations, but fails to establish the basis for his

5    understanding.[1] PSI's reference to Trimble's "naked opinion" regarding alleged

6    competition is insufficient to establish triable issues of fact. *E.g., Mid-State Fertilizer*

7    *Co. v. Exchange Nat'l Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989).

8        Irrelevant. F.R.E. 401, 402. Mr. Trimble's opinion concerning the scope of

9    competition among service stations from 1996-1999 relates to a time period that is not at

10   issue in this case. Thus, PSI cannot rely on this evidence to create a triable issue of material

11   fact.

12   III.   OBJECTIONS TO DECLARATION OF BARRY BEN-ZION (Dkt. 76, Ex. 14).

13        Improper expert testimony for purposes of summary judgment. Ben-Zion's

14   conclusory statements regarding the scope of competition among service stations is

15   insufficient to raise a triable issue of material fact. *E.g., Mid-State Fertilizer Co. v.*

16   *Exchange Nat'l Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989).

17        Testimony regarding the MPSI model (Ben-Zion Decl., ¶ 11) is improper and must

18   be excluded pursuant to F.R.C.P. 37(c)(1). At deposition, Ben-Zion affirmatively

19   disclaimed any opinion on the validity of the MPSI model and stated he had not been

20   engaged to offer any opinions on it. Ben-Zion Dep., p. 89:8-14 [Phelps Suppl. Decl., ¶ 2,

21   Exh. Y].

22        Testimony regarding scope of competition among service stations is improper to the

23   extent it purports to contradict the deposition testimony of PSI's president, Ben Shimek, on

24   the same subject. PSI is not permitted to raise a triable issue of fact by submitting a

25   _____

26   [1]    Defendants similarly object to this evidence on the grounds of lack of personal
         knowledge (F.R.E. 602) to the extent that Mr. Trimble's understanding is based on
27   observations made by station managers.

28   700576814v1                          - 4 -

1   purported expert declaration that contradicts the unequivocal testimony of PSI's president.

2   *See Block v. City of Los Angeles*, 253 F.2d 410, 419 n. 2 (9th Cir. 2001) (summary

3   judgment affidavit cannot contradict prior stipulated facts)

4   IV.    OBJECTIONS TO DECLARATION OF DANE DURHAM (Dkt. 76, Ex. 35).

5          A.    Objection to Exhibits 12 and 32.

6          These emails and their attachments are not properly authenticated.  F.R.E. 901, 902.

7   The declarant, Mr. Durham (Attorney for PSI) fails to testify as to the accuracy or

8   genuineness of these documents based on personal knowledge or otherwise. *See Orr*, 285

9   F.3d at 733 n.7.

10         B.    Objection to Exhibits 31 and 33.

11         These documents are not properly authenticated.  They are documents created by

12   third party MPSI Systems Inc., in response to a subpoena issued by PSI.  Mr. Durham fails

13   to testify as to the accuracy or genuineness of these documents based on personal

14   knowledge or otherwise. *See Orr*, 285 F.3d at 733 n.7.

15         C.    Objection to Exhibits 9, 13A, 13B, 15, 16, 17, 19, 24, 34.

16         These deposition excerpts are not properly authenticated.  Authentication of

17   deposition excerpts must include "the reporter's certification that the deposition is a true

18   record of the testimony of the deponent." *See Orr*, 285 F.3d at 773 (affirming summary

19   judgment and excluding opposing deposition excerpts).  A statement by counsel that the

20   excerpt is a "true and correct copy" is insufficient, "even if the affiant-counsel were present

21   at the deposition." *Id.*  Here, Mr. Durham does not even say that much.

22

23

24

25

26

27

28

1    Dated:   December 5, 2006.

2

3                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     ROBERT C. PHELPS
4                                    RANAH L. ESMAILI
                                     50 Fremont Street
5                                    Post Office Box 7880
                                     San Francisco, CA  94120-7880
6                                    (415) 983-1000

7
                                     By    /s/ Robert C. Phelps
8                                                    Robert C. Phelps

9                                        Attorneys for Defendants
                                         VALERO REFINING COMPANY-
10                                       CALIFORNIA and VALERO
                                         MARKETING AND SUPPLY COMPANY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

700576814v1                         - 6 -